OPINION
This is a pro se appeal of a judgment of the Small Claims division of the Mentor Municipal Court.
Appellee, Dog Watch, failed to respond to the appeal, triggering the provisions of App.R. 18(C) that "the court may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
Although appellants fail to separately identify their assignments of error, we divine from the brief the following claims to which we address our attention:
 "I. The trial court erred in finding fault but not awarding full judgment.
 "II. The trial court erred by saying we did not provide required 24 hour notice of break-out, when in fact we did.
 "III. The trial court erred by not recognizing company's failure to respond to our notices in a timely fashion.
"IV. The trial court erred in not reviewing all documents."
 There is no transcript filed by appellants as required by App.R. 9.
However, in the interests of justice, we will review the Statement of Case, exhibits attached to the brief, the November 23, 1999 judgment of the trial court, the December 2, 1999 letter to the judge from appellants, and the judge's December 9, 1999 response, which does not otherwise appear of record.
The following is the Statement of Case:
 "We have 2 small Shih Tzu dogs and 1 large Rottweiler dog. Our yard is fenced. In spring of 1999, we bought a Dog Watch System to further insure that the Rottweiler would not leave the yard. Within 2 weeks, one of our small dogs broke through the system. We called company, and their response was we should mail them the dogs collar and they would mail us a replacement. Their guarantee states they'll respond in 24 hours-not the several days required for mail. In September 1999, our Rottweiler was breaking through. We called company on September 23, and did not receive a return call. We called again on October 6, 1999. Jim from Dog Watch returned our call and although he had never met our dog, said the dog shouldn't be on the system. The original salesperson from Dog Watch met all three dogs and expressed complete confidence in their system and its ability to contain our dogs. A few days later, Jim came out to check the system and watched the Rottweiler walk right through the electric barrier. He adjusted the collar and added a second collar to intensify the correction. I watched in horror as the dog had perverse muscle spasms and went right through the barrier again. At this point, Jim said that although they could further intensify the system, the Rottweiler should be removed from the system. Their failure to safely contain our dog makes the system useless. They refused to remove the system and refund our moneys. When the case was heard in Small Claims Court, the judge reviewed the testimony and awarded judgment for two hundred and seventy five dollars, which is less than one fourth of the system cost."
 The following is from the November 23, 1999 judgment of the court:
 "Under the `One Year Money Back Containment Guarantee', [sic] it is obvious that Defendant must be given a reasonable opportunity from the Plaintiff to make its system work. It is equally clear that Plaintiff did not give 24 hours [sic] notice of day's various breakouts and clear that repeated breakouts make system less likely to work. This dynamic appears not to be carefully explained between defendant and plaintiff.
 "Therefore, Court finds for Plaintiff in the amount of $275.00 plus costs and interest from November 22, 1999"
Judge Swain's letter to appellants explained his decision as follows:
"Dear Mr. Mrs. Zerby,
 "As you have pointed out, the judgment reflects approximately one fourth asked for. This was arrived at as follows: each animal on the system got one fourth a part and the main dog was given an extra one fourth because the main focus for the contract was on him. Obviously the system worked for two animals, but not as to the other. I split the remaining one half because I felt you did not provide the timely information necessary (by law) for defendant to adjust the system."
 Upon this state of the record, we are unable to find that the award of damages was inadequate. The first assignment of error is overruled.
The record before this court does not support the claim of want of sufficient timely notice. The second assignment of error is overruled.
The failure of appellee to respond in a timely fashion is, again, not supported by the appellate record. The third assignment of error is overruled.
We have no way of knowing, without a transcript, whether the trial court reviewed the exhibits. The fourth assignment of error is overruled.
The assignments of error are overruled, and the judgment of the Mentor Municipal Court is affirmed.